JOHN D. LEWIS *v.* CHARLES E. BULKLEY.

Exemplary damages may be recovered for the *wilful* act of defendant in so managing his horse and carriage as to bring them into collision with, and cruelly wound and injure, the plaintiff's horse.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment entered on the decision of a judge at trial term. The facts are stated in the opinion.

*G. W. Cotterill*, for appellant.

*Chauncey Shaffer* and *Daniel T. Walden*, for respondent.

BY THE COURT.*—LARREMORE, J.—I do not see upon what ground this judgment can be disturbed on appeal. The only suggestion made upon this point at the argument was, that the damages recovered were excessive and unauthorized by the evidence.

It appears by the complaint that a recovery was sought by the plaintiff, because the defendant so carelessly and negligently and *wilfully* managed, controlled and conducted his horse and carriage, as to come in collision with one of plaintiff's horses, and thereby *cruelly* wounded and injured such horse. There was some evidence upon the question of wilful intent on the part of the defendant. Plaintiff testified that there was plenty of space for defendant to pass, but that he ran his horse against plaintiff's horse. When informed by plaintiff of the injury, defendant admitted the fact and said, "I will teach you the next time not to take up all the road." There is no express denial of this statement by the defendant or his witness (Reed).

The plaintiff is corroborated by the testimony of the witness Pierret.

There being some evidence to raise the presumption of a

---

* Present, DALY, Ch. J., LARREMORE, and J. F. DALY, JJ.

wilful wrong on the part of defendant, the court below had authority to award damages by way of punishment (Sedgwick on Dam. 4th ed. 534, and cases there cited; *Etchberry* v. *Levielle*, 2 Hilt. 40).

It was shown by several witnesses that the mare in question was one of great value, of at least $4,000. It was also shown that the effect of the injury upon the animal in question would be to greatly depreciate her value for the purposes of use and reliability, and the opinion of witnesses upon this point, who were shown to be familiar with the subject, was competent evidence to prove such diminution in value. Independent of any proof of actual pecuniary loss, the plaintiff is entitled to recover damages for wilful injury to his property. This the testimony shows, and this the court below had a legal right to determine, and its finding upon that question is conclusive.

I think the judgment should be affirmed.

Judgment affirmed.